**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE

TYRELL McKENZIE,               :    CIV. NO. 16-5029 (RMB)
                               :
      Plaintiff,               :
                               :
   v.                          :    OPINION
                               :
WATSON,                        :
                               :
      Defendant.               :
```

**RENÉE MARIE BUMB**, U.S. District Judge

    This matter comes before the Court upon Plaintiff's submission of a prisoner civil rights complaint (Compl., ECF No. 1), and an application to proceed in forma pauperis (ECF No. 1-2.) Plaintiff is confined in Talbot Hall[1] in Kearny, New Jersey. (Id., ECF No. 1 at 3.)

    Plaintiff has established his inability to pay the filing fee, and his IFP application will be granted pursuant to 28 U.S.C. § 1915.

I.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) and § 1915A

---

[1] Talbot Hall is a residential assessment and treatment center whose residents are referred through the New Jersey Department of Corrections. Available at http://www.cecintl.com/reentry/residential-reentry-locations/talbot-hall/

After Plaintiff pays the filing fee or is granted in forma pauperis status, the Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(B) and § 1915A.  The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

II. DISCUSSION

    A.   The Complaint

Plaintiff alleges the following in the Statement of Claims section of his Complaint:

> I was call by Watson and one other Talbot Hall Staffs to give a urine. Once I was down stair with the two I was given a cup and was told to drop my pant and underwear and turn around with my butt facing the two staffs and urine in the cup.

(Compl., ECF No. 1, ¶6.) Plaintiff alleged his constitutional rights were violated, but he did not identify the right. (Id., ¶5.) The Court assumes Plaintiff intended to raise a Fourth Amendment claim for unreasonable search and seizure.

    B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Analysis

Plaintiff is confined in Talbot Hall, a halfway house. Halfway houses are institutional confinement similar to prison. Asquith v. Dept. of Corr., 186 F.3d 407, 411 (3d Cir. 1999). The Fourth Amendment proscription against unreasonable search and seizure applies to bodily searches in prison. Parkell v. Danburg, 833 F.3d 313, 325 (3d Cir. 2016). The contours of a prisoner's Fourth Amendment rights are very narrow. Id. at 326. Courts must balance "'the need for the particular search against the invasion of personal rights that the search entails.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. Id. (citing Florence v. Board of Chosen Freeholders of County of Burlington, 132 S.Ct. 1510, 1523 (2012)).

Plaintiff has not clearly indicated whether the drug test here was random or based on reasonable suspicion or probable cause. He has not identified whether his consent to random drug testing by direct observation was a condition of confinement in Talbot Hall or whether he is aware of any justification by the institution for requiring the type of drug test he underwent. Although Plaintiff

4

indicated that the test took place downstairs, he did not describe whether it was conducted in open view of any persons other than the two staff members who were present. See Smart v. Intensive Supervision Program, 651 F. App'x 136, 139 (3d Cir. 2016) (holding direct observation method of drug testing was a reasonable search under the Fourth Amendment in the context of the New Jersey Intensive Supervision Program).

III. CONCLUSION

Therefore, the Court will dismiss the complaint without prejudice because Plaintiff has not alleged sufficient facts for the Court to determine whether the drug test violated the reasonableness requirement of the Fourth Amendment.  Plaintiff will be permitted to amend his complaint to cure this deficiency.

An appropriate order follows.

**Dated:February 2, 2017**

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **UNITED STATES DISTRICT JUDGE**